McCORMICK HARVESTING MACHINE COMPANY v. C. J. COURTRIGHT ET AL.

FILED MARCH 3, 1898.   No. 7898.

1. **Sales: FAILURE TO DELIVER GOODS: RESCISSION.** If a contract of sale is entire and indivisible, though it may include the delivery to the purchaser of two or more distinct articles at different dates, a failure as to any one on the part of the seller may afford ground for rescission by the purchaser.

2. **Assignments of Error: INSTRUCTIONS.** Errors in regard to giving instructions must be separately assigned in both the motion for a new trial and petition in error. If in gross in either, and the assignment is determined without force as to one of the enumerated instructions, it will be overruled as to all.

3. **Action on Note for Purchase Price of Harvester: FAILURE TO DELIVER PORTION OF MACHINE: RESCISSION: VERDICT FOR DEFENDANT.** The evidence *held* sufficient to sustain the verdict.

ERROR from the district court of Dawson county. Tried below before NEVILLE, J.   *Affirmed.*

*Ricketts & Wilson* and *E. A. Cook*, for plaintiff in error.

*Warrington & Stewart, contra.*

HARRISON, C. J.

In this action, commenced in the district court of Dawson county, the plaintiff sought a recovery of defendants of the amount alleged to be its due from them on a promissory note executed and delivered to it December 28, 1892.   To the petition filed, the defendants filed an

answer as follows: "That the note sued on in this action was given for part of the purchase price of a McCormick Low-Down Binder, or Bindlochine, which was purchased of the plaintiff by the defendant Courtright; and that at time of the purchase of the said machine the plaintiff, as an inducement to the defendant to purchase the same, promised to furnish and attach to said machine a bundle carrier before the harvesting season of 1893; that the plaintiff failed to furnish said bundle carrier as agreed, and still fails and refuses to furnish the same; that the sale of the said machine and the agreement to furnish and attach the said bundle carrier thereto was one entire contract, and constituted the entire consideration for the note sued on, and one other of like amount; that the defendant after the plaintiff had failed and refused to furnish the said bundle carrier, notified the plaintiff that the said machine was in his possession subject to its order, and demanded a rescission of the said contract, and the return of the said note; and that the plaintiff refused to rescind the said contract and return the said note to the defendants; that said machine is of no use or benefit to the defendant without the said bundle carrier, and that defendant would not have purchased it except for the promise of the plaintiff to furnish the said bundle carrier as aforesaid, and that for the reasons aforesaid the consideration of said note has wholly failed. Defendants therefore pray that said note may be cancelled and held for naught and that they recover their costs." To which there was for the plaintiff the following reply: "The plaintiff, for reply to the answer of the defendants herein filed, denies each and every allegation contained therein except that said note was given in part payment of a binder, and agreed to furnish a bundle carrier as soon as a carrier was made for the kind of machine for which the note was given." As the result of a trial the defendants were accorded a verdict and judgment, to secure a reversal of which the plaintiff has prosecuted an error proceeding to this court.

It is urged that the evidence discloses that the machine in question had been sold to one Thomas McCarty and used by him during one harvest and was by an agreement between him and the defendant Courtright delivered to the latter, who gave the note in suit, and another, to the plaintiff, and that at the same time a note was executed by McCarty and delivered to plaintiff; that by the arrangements then made McCarty was relieved from the indebtedness to plaintiff which had arisen by reason of his purchase of the machine, except in the amount of the note to which we have alluded, and Courtright became the debtor in the amount of the two notes then by him executed and delivered to it. The contention of the plaintiff is that Courtright received the machine, not from it and by reason of purchase from it, but through an arrangement with McCarty by which, in consideration of the delivery of the machine, Courtright assumed and agreed to pay a portion of McCarty's indebtedness to the company, the latter consenting to such adjustment of the matter of the sale of the machine and by request of Courtright and McCarty received the notes of the former, one of them being the basis of this action. It is true the evidence disclosed the sale of the machine to McCarty and his use of it during one season; also that, when McCarty was called upon to settle with the plaintiff for the machine, he reported an arrangement with Courtright to the effect which we have hereinbefore in substance stated; that the notes of Courtright were taken for the plaintiff and the machine delivered to him. Just what relations might be said to have been established between the plaintiff and Courtright by the course of dealings to which we have referred we need not specifically discuss, for the plaintiff in its reply admitted the allegation of defendants' answer that the note in suit was given for part of the price of the machine purchased by Courtright of the plaintiff. The fact being an admitted one, or the effect of the transactions between them having been established by the statements of the parties in the pleadings, is not a subject for further inquiry.

· It is urged that the verdict was unsupported by sufficient competent evidence.    The argument here is that the evidence shows that the machine was a complete harvester without the bundle carrier, and that the furnishing of the latter was not by the terms of the contract of sale made such an essential part of the consideration moving to the purchaser that its lack entitled him to a rescission of the sale.    An examination of the evidence leads to the conclusion that there is sufficient thereof to support a finding that the contract of sale of the machine was entire and indivisible inclusive of the delivery of the bundle carrier at the time and in the manner asserted by the defendants; and in this connection we will further say that, in event of the non-compliance therewith on the part of the plaintiff, the right to a rescission would exist in favor of the defendant Courtright. (See *Campbell Printing Press & Mfg. Co. v. Marsh*, 36 Pac. Rep. [Colo.] 799, and cases cited.)

It is argued of certain of the instructions of the court to the jury that they were erroneous.    The assignment in the motion for a new trial as to the instructions was as follows: "The court erred in giving the fourth and fifth paragraphs of the instructions given by the court on its own motion."    The fifth was in the following terms: "If you believe from the evidence that the notes in question were given for the binder, without an accompanying agreement to furnish and attach a bundle carrier by the harvesting season of 1893, then you should find for the plaintiff."    It is asserted of this that it was too narrow, in that it limited the right of the plaintiff to recover to the one proposition, and the complaint is that this operated the exclusion of the question of whether the defendant Courtright bought the machine of the plaintiff; and it is asserted in this connection that whether he did so or not was of the issuable matters in the trial.    As we have before seen, this was of the admitted facts, and there being no further objections pressed against this instruction, it will be concluded that

there were none others, which leads to the overruling of the assignment to the extent it involves the fifth instruction and of the entire assignment since it was not specific but in gross.

No available errors having been presented, the judgment of the district court will be

AFFIRMED.